# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **JOHN DOE,** *a minor, by and through his Mother and next friend*, **SHARIEKA FRAZIER,** <br><br> Plaintiff, <br><br> v. <br><br> **BONNIE HOMMRICH,** *in her official capacity as the Commissioner of the Tennessee Department of Children's Services,* **THE TENNESSEE DEPARTMENT OF CHILDREN'S SERVICES, RUTHERFORD COUNTY, TENNESSEE, LYNN DUKE,** *in her individual and official capacity as Director of the Rutherford County Detention Facility* and **LIEUTENANT ANGIE ISTANOVICH,** *in her individual and official capacity as an officer of the Rutherford County Juvenile Detention Facility,* <br><br> Defendants. | No. _____ |

## TEMPORARY RESTRAINING ORDER

Pursuant to Federal Rule of Civil Procedure 65, JOHN DOE, a minor, by and through his mother and next friend, Sharieka Frazier ("Plaintiff"), has moved this Court for a temporary restraining order to restrain the Defendants from placing or keeping him in solitary confinement while awaiting adjudication of his juvenile delinquency charge. Plaintiff has supported his motion with a Verified Complaint and the Declaration of his counsel that good faith efforts have been made to notify Defendants of this request. For the following reasons, the motion is GRANTED, based upon the following specific findings, and according to the specific terms set forth herein:

1. Pursuant to Fed. R. Civ. P. 65(b)(1)(A), the verified Complaint filed in this case demonstrates that Plaintiff is likely to succeed on the merits that Defendants have violated and are continuing to violate JOHN DOE's constitutional right to be free from inhumane treatment while detained pretrial by placing him in continued solitary confinement.

2. Based on the Verified Complaint, Plaintiff is a juvenile offender who has not yet been adjudicated delinquent, and is being held at the Rutherford County Juvenile Detention Facility as a pretrial detainee.

3. Based on the Verified Complaint, Plaintiff has been held in solitary confinement since April 19, 2016.

4. Based on the Verified Complaint, the reasons for Plaintiff's solitary confinement are for punitive or disciplinary purposes.

5. Based on the Verified Complaint, Plaintiff poses no physical threat to himself or others.

6. Based on the Verified Complaint, state policy, as set forth through Defendant Department of Children's Services' Administrative Policies, acknowledges the psychological harm caused to children by solitary confinement, and prohibits its use for disciplinary or punitive reasons.

7. Moreover, based upon the Verified Complaint and exhibits attached thereto, the juvenile court ordered that Plaintiff be given a mental health assessment that has not occurred. At least one Defendant has acknowledged that Plaintiff likely suffers from a mental illness.

8. Based on the literature and law cited in Plaintiff's Memorandum of Law, the Court concludes that solitary confinement of juveniles for punitive or disciplinary reasons, especially for the length of time that Defendants have confined Plaintiff and especially for youth who may suffer from mental illness, violates the Eighth Amendment's prohibitions

against the inhumane treatment of detainees, as applied to the state though the Fourteenth Amendment. Such inhumane conditions are likely to cause Plaintiff irreparable harm in the form of psychological and/or physical degradation if they are allowed to continue.

9. Plaintiff has also requested a preliminary injunction to enjoin Defendants from holding any pretrial detainees in solitary confinement for punitive or disciplinary reasons, but this request does not require immediate intervention of the Court, and the Court will reserve judgment until such time as Defendants are given the time necessary to respond as required by the Rules.

Accordingly, based on the foregoing, it is ORDERED that:

1. Defendants are restrained from continuing the ongoing solitary confinement (or "seclusion", "lock down" or similar confinement by whatever word or phrase, to the extent it prohibits Plaintiff's contact with other human beings for periods exceeding an hour) of Plaintiff for punitive or disciplinary reasons: (1) without prior notice to and approval by this Court; or (2) there are exigent circumstances;

2. Defendants are restrained from any solitary confinement of Plaintiff without proper assessment of his mental health needs, and an analysis by an appropriate professional of the effect that such confinement may have on him; *

3. This Order is limited in scope, and applies to the solitary confinement of Plaintiff;

4. This Order has been issued without notice because the injury accumulated on the weekend, and the injury to Plaintiff grows as his confinement continues. Efforts have been made to inform Defendants of this Motion. Defendants may object to this Order and request a hearing as allowed by the rules. In any event, the Court sets a hearing on this request at on May 5, 2016 at 9:00 a.m.

ORDERED this 25th day of April, 2016 at 1:15 p.m.

*and safety concerns that John Doe is a danger to others or himself and As file an immediate Notice with this Court so certifying those safety concerns.

*[signature: Todd Campbell]*

DISTRICT COURT JUDGE

Prepared for Entry:

/s/ Wesley B. Clark
Wesley B. Clark, #032611
DOWNTON CLARK, PLLC
2706 Larmon Drive
Nashville, Tennessee 37204
(615) 984-4681
wesley@downtonclark.com

/s/ Mark J. Downton
Mark J. Downton, #020053
DOWNTON CLARK, PLLC
2706 Larmon Drive
Nashville, Tennessee 37204
(615) 984-4681
mark@downtonclark.com

ATTORNEYS FOR PLAINTIFF