IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN DOE, a minor, by and through his Mother and next friend, SHARIEKA FRAZIER | ) ) ) | |
| | ) | NO. 3-16-0799 |
| | ) | JUDGE TRAUGER |
| v. | ) | |
| | ) | |
| BONNIE HOMMRICH, et al. | ) | |

MEMORANDUM AND ORDER

Pending before the court is Plaintiff's Motion for Class Certification (Docket No. 54). For the reasons stated herein, Plaintiff's Motion will be GRANTED in part and DENIED in part.

INTRODUCTION

Plaintiff Frazier filed this action on behalf of her minor son pursuant to 28 U.S.C. § 1983, alleging violations of her son's constitutional rights. The primary issue in this case is whether facilities licensed and/or supervised by the Tennessee Department of Children's Services, including the Rutherford County Juvenile Detention Center ("RCJDC"), may use solitary confinement for juvenile offenders for punitive or disciplinary reasons.

Plaintiff John Doe is a minor who was charged with, and later adjudicated guilty of, offenses that rendered him delinquent under the laws of the State of Tennessee. The Amended Complaint (Docket No. 34) alleges that the Juvenile Court for Rutherford County, Tennessee, ordered Plaintiff detained in the RCJDC while he awaited adjudication. Plaintiff avers that, immediately upon his admission into RCJDC and for a period of several days, he was placed into solitary confinement by the Rutherford County Defendants (Rutherford County, Duke and Istvanditsch) for punitive and/or disciplinary reasons. The Amended Complaint alleges that, once Plaintiff was adjudicated

delinquent, he was put into the custody of the Defendant Tennessee Department of Children's Services ("DCS") and placed at the Middle Tennessee Juvenile Detention Facility in Columbia, Tennessee, where he alleges he could be subjected to lengthy solitary confinement for disciplinary reasons. Plaintiff alleges that placing him in solitary confinement for disciplinary or punitive reasons violates his constitutional rights under the Eighth and Fourteenth Amendments. He seeks injunctive and declaratory relief only.

Plaintiff seeks to bring this action as a class action on behalf of "all current and future juveniles detained in any facility licensed and/or supervised by the Tennessee Department of Children's Services, including Juvenile Detention Centers operated by county governments or private entities" and a sub-class of "all current and future juveniles detained in the Rutherford County Juvenile Detention Center and subject to Rutherford County Juvenile Detention Center's Standard Operating Procedures Behavior Management Policy, Chapter 6, § 19." Plaintiff alleges that DCS and RCJDC policies and practices permit their licensed facilities to place members of the proposed classes in punitive and/or disciplinary solitary confinement.

CLASS CERTIFICATION

A class action will be certified only if, after rigorous analysis, the court is satisfied that the prerequisites of Fed. R. Civ. P. 23(a) have been met and that the action falls within one of the categories under Fed. R. Civ. P. 23(b). *Bridging Communities Inc. v. Top Flite Financial Inc.*, 843 F.3d 1119, 1124 (6th Cir. 2016). The decision whether to certify a class, committed to the sound discretion of the district judge, turns on the particular facts and circumstances of each individual case. *Ballan v. Upjohn Co.*, 159 F.R.D. 473, 479 (W.D. Mich. 1994). The parties seeking class

2

certification bear the burden of showing that the requirements for class certification are met. *Bridging Communities*, 843 F.3d at 1124.

A party seeking to maintain a class action must be prepared to show that Rule 23(a)'s numerosity, commonality, typicality and adequacy of representation requirements have been met. *Comcast v. Behrend*, 133 S.Ct. 1426, 1428 (2013). In addition, the party must satisfy, through evidentiary proof, at least one of Rule 23(b)'s provisions. *Id*. at 1428-29.

Class Definition

Before a court may certify a class pursuant to Rule 23, the class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class. *Young v. Nationwide Ins. Co.*, 693 F.3d 532, 537-38 (6th Cir. 2012). If the class members are impossible to identify without extensive and individualized fact-finding or "mini-trials", then a class action is inappropriate. *In re Skelaxin Antitrust Litigation*, 299 F.R.D. 555, 557 (E.D. Tenn. 2014).

As Defendants point out, Plaintiff does not allege that *all* solitary confinement of juveniles is constitutionally impermissible - only solitary confinement for punitive reasons.[1] To show the same alleged injury in this case, the class members must be those who were actually placed in solitary confinement for disciplinary or punitive purposes - not all juveniles who *could be*, but have not been, placed in solitary confinement for disciplinary or punitive purposes.

Defendants argue that determining which juveniles were placed in solitary confinement or isolation would involve extensive individualized analysis, and yet, the Rutherford County

---

[1] Plaintiff has admitted that solitary confinement or isolation may be appropriate for some purposes, *see, e.g.,* Docket No. 99, p. 5; Docket No. 34 (Amended Complaint), ¶¶ 33-34, 41.

Defendants have produced a list of 128 juveniles who experienced "isolation" pursuant to RCJDC's Behavioral Management policy (requiring "confinement") from March 17, 2016, through October 7, 2016. Docket No. 94-2, Interrogatory No. 10; Docket Nos. 95 and 96. Thus, there is evidence that RCJDC has this information, and Plaintiff has provided evidence probative of the numbers and identities of juveniles who suffered the alleged unconstitutional harm in RCJDC.

Because it is possible to identify the juveniles in RCJDC who were placed in solitary confinement or isolation for punitive reasons, Plaintiff's class definition shall be revised to be "all juveniles detained in the Rutherford County Juvenile Detention Center who are or were placed in solitary confinement or isolation for punitive reasons, from April 25, 2015 [2] to the present." The Rutherford County Defendants shall produce this information, for the relevant time period, by March 10, 2017.

With regard to the State Defendants, Plaintiff's supporting documents refer only to the *total* number of juveniles in DCS secure facilities in Tennessee. Because that number is not limited to those who actually experienced the alleged unconstitutional harm, this proposed class is merely speculative. The proposed class members did not all share the same injury.[3] If the DCS class is defined as broadly as Plaintiff asks, Defendants would have individual defenses to each class member's situation - that is, whether he or she was placed in solitary confinement for disciplinary and/or punitive purposes. Such individualized analysis defeats the purposes of class actions.

---

[2] The court has chosen this beginning point because it is one year before the filing of this case, and the statute of limitations for Section 1983 claims is one year.

[3] Moreover, Plaintiff does not even allege that *he* sustained unconstitutional injury while he was in DCS custody. Docket No. 34 (Amended Complaint), ¶¶ 27-28; Doe Deposition, p. 21.

There is no evidence before the court that the State Defendants maintain information concerning punitive solitary confinement, although there is also no indication that Plaintiff asked for that information. *See* Docket Nos. 84-1 and 94-8. Because this proposed class definition is too broad, and there is no information before the court to indicate that determining the members of the class would not involve individualized analysis, Plaintiff's proposed DCS class cannot be certified at this time.

Numerosity

The first requirement of Rule 23(a) is that the class be so numerous that joinder of all members is impracticable. Although there is no strict numerical test, substantial numbers usually satisfy the numerosity requirement. *Gilbert v. Abercrombie & Fitch Co.*, 2016 WL 4159682 at * 4 (S.D. Ohio Aug. 5, 2016) (citing *Daffin v. Ford Motor Co.*, 458 F.3d 549, 552 (6th Cir. 2006)). "There is no magic minimum number that will breathe life into a class." *Russo v. CVS Pharmacy, Inc.*, 201 F.R.D. 291, 294 (D. Conn. 2001). Plaintiff must show some evidence of or reasonably estimate the number of class members, and, in assessing numerosity, the court may make common sense assumptions without the need for precise quantification of the class. *Id*.

With regard to Rutherford County, Plaintiff has presented evidence from discovery that indicates that the number of juveniles held in RCJDC in one year (July 1, 2015 through June 30, 2016) numbered more than 1,000. Docket No. 94-1 (indicating 986 juveniles from Rutherford County, 315 juveniles from out of county, and 38 juveniles from DCS). Plaintiff has also presented evidence from discovery that, from March 17, 2016 through October 7, 2016, 128 juveniles experienced "isolation" pursuant to RCJDC's Behavioral Management policy that requires "confinement." Docket No. 94-2, Interrogatory No. 10; Docket Nos. 95 and 96. The court interprets

this list to represent juveniles who were placed in solitary confinement for disciplinary or punitive purposes.

Given the numbers produced by the Rutherford County Defendants in discovery, the court finds that Plaintiff has satisfied the numerosity requirement with regard to that proposed class (as revised by the court). Joinder of all potential class members would be impractical and most juveniles, many still in DCS or RCJDC custody, would be unable to bring their own actions for this alleged constitutional violation. Moreover, numerous lawsuits on this same question could easily bring inconsistent rulings.

Commonality

Rule 23 also requires that Plaintiff show questions of law or fact common to the class. Fed. R. Civ. P. 23(a). Commonality requires that Plaintiff demonstrate that the class members have suffered the same injury. *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011). Their claims must depend upon a common contention of such a nature that it is capable of class-wide resolution, which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke. *In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation*, 722 F.3d 838, 852 (6th Cir. 2013).

As noted above, to show the same alleged injury in this case, the class members must be those who were actually placed in solitary confinement for disciplinary or punitive purposes - not all juveniles who *could be*, but have not been, placed in solitary confinement for disciplinary or punitive purposes.

For the RCJDC revised class, the common questions are:

(1) Whether Defendants allow the use of solitary confinement of juveniles for punitive and/or disciplinary reasons.

(2) Whether the use of punitive and/or disciplinary solitary confinement of juveniles violates the U.S. Constitution.

The answers to the above questions would apply to all juveniles who have been placed in solitary confinement for punitive and/or disciplinary reasons at RCJDC. For these reasons, Plaintiff has demonstrated commonality as to the RCJDC class, as revised above.

<u>Typicality</u>

Typicality is met if the class members' claims are fairly encompassed by the named plaintiffs' claims. This requirement insures that the class representative's interests are aligned with the interests of the represented class members so that, by pursing his own interests, the class representative also advocates the interests of the class members. *Whirlpool*, 722 F.3d at 852-53. Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and if his claims are based on the same legal theory. *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996); *Young*, 693 F.3d at 543.

Commonality and typicality tend to merge because both of them serve as guideposts for determining whether, under the particular circumstances, maintenance of a class action is economical, and whether the plaintiff's claims and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence. *Young*, 693 F.3d at 542. Typicality cannot be established when a named plaintiff who proves his own claim would not necessarily have proved anyone else's claim. *Coleman v. General Motors Acceptance*

*Corp.*, 220 F.R.D. 64. 79 (M.D. Tenn. 2004). If Plaintiff here proves his constitutional claim, he will prove the constitutional claims of the other class members, so long as the class is defined in the limited way described above. If placing RCJDC juveniles in solitary confinement for disciplinary and/or punitive reasons is unconstitutional as to Plaintiff, it is also unconstitutional for other RCJDC juveniles placed in solitary confinement for those purposes.

Here, the claim of Plaintiff - that it is unconstitutional to place juvenile detainees in punitive and/or disciplinary solitary confinement and that such actions should be enjoined - is typical of a RCJDC class defined as revised above. Plaintiff's claim and those of the potential class members are based on the same legal theory and arise from the same course of conduct. Plaintiff has met the typicality requirement for class certification as to the RCJDC class defined above.

Adequacy

Rule 23(a)(4) requires that the representative party will fairly and adequately protect the interests of the class. The Sixth Circuit has recognized that this adequacy of representation requirement encompasses two criteria : (1) the representative must have common interests with unnamed members of the class, and (2) it must appear that the representative will vigorously prosecute the interests of the class through qualified counsel. *Coleman*, 220 F.R.D. at 79.

In this case, if the class is defined as limited above, Plaintiff will share common interests with the members of the class. In addition, the court finds no evidence that Plaintiff will not vigorously prosecute the interests of the class through qualified counsel.

Rule 23(b)

Plaintiff must not only satisfy the requirements of Rule 23(a), but he must also meet one of the requirements of Rule 23(b). Plaintiff contends that he meets the requirements of Rule 23(b)(2),

which provides: "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

Plaintiff alleges that the Defendants have acted on grounds that apply generally to the class by allowing and using punitive solitary confinement for the juveniles in their secure facilities. The injunctive relief Plaintiff seeks would enjoin any use of punitive solitary confinement for juveniles in the RCJDC facilities, relief that would affect all class members.

## CONCLUSION

For all these reasons, Plaintiff's Motion for Class Certification (Docket No. 54) is granted in part and denied in part. The court will certify a class of "all juveniles detained in the Rutherford County Juvenile Detention Center who are or were placed in solitary confinement or isolation for punitive reasons, from April 25, 2015 to the present."

IT IS SO ORDERED.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE