IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE, a minor, by and through his Mother and next friend, SHARIEKA FRAZIER )<br>)<br>)<br>)<br>v. )<br>)<br>BONNIE HOMMRICH, et al. ) | NO. 3-16-0799<br>JUDGE TRAUGER |

MEMORANDUM

Pending before the court is Plaintiffs' Motion for a Preliminary Injunction (Docket No. 98) against Defendants Lynn Duke and Rutherford County.[1] For the reasons stated herein, Plaintiffs' Motion for Preliminary Injunction is GRANTED on the terms and conditions set forth in the accompanying Order.

BACKGROUND

This action was filed by John Doe, a minor, by and through his mother, to stop the imposition of punitive solitary confinement for juveniles in the Rutherford County Detention Facility and in facilities operated by the Tennessee Department of Children's Services. Docket No. 1. On April 25, 2016, the court issued a Temporary Restraining Order (Docket No. 8), enjoining Defendants from continuing the ongoing solitary confinement of Plaintiff. On May 5, 2016, the court denied Plaintiff's Motion for a Preliminary Injunction, finding that Plaintiff had not shown irreparable harm, since the challenged conduct was no longer occurring.[2] Docket No. 30.

---

[1] Plaintiffs' Motion is not directed to Defendant Angela Istvanditsch, who is also an officer of the Rutherford County Juvenile Detention Facility.

[2] John Doe was no longer at the Rutherford County Juvenile Detention Facility.

Plaintiff then filed an Amended Class Action Complaint (Docket No. 34) and a Motion to Certify Class (Docket No. 54), and Defendants filed Motions to Dismiss (Docket Nos. 43 and 45). The court denied the Defendants' Motions to Dismiss, finding that Plaintiff John Doe's claim was "capable of repetition, evading review," and therefore was not moot, even though he was no longer in the Rutherford County Juvenile Detention Facility. Docket Nos. 63 and 65. On February 17, 2017, the court granted Plaintiffs' Motion to Certify Class, in part, and certified a class ("the Rutherford County Class") consisting of "all juveniles detained in the Rutherford County Juvenile Detention Facility who are or were placed in solitary confinement or isolation for punitive reasons, from April 25, 2015 to the present." Docket No. 100.

In the current motion, Plaintiffs again seek a preliminary injunction to enjoin Defendants Rutherford County and Duke from placing John Doe or any member of the Rutherford County Class in solitary confinement, seclusion, "loss of privileges" or other status that involves prolonged separation from peers or isolation as punishment or discipline. Docket No. 98. In their Memorandum, Plaintiffs ask the court to enjoin Defendants Duke and Rutherford County from placing juveniles in solitary confinement or otherwise isolating them from meaningful contact with their peers as punishment or discipline. Docket No. 99.

PRELIMINARY INJUNCTIONS

In determining whether to issue a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, the court is to consider: (1) whether the movant has shown a strong or substantial likelihood of success on the merits; (2) whether irreparable harm will result without an injunction; (3) whether issuance of a preliminary injunction will result in substantial harm to others;

2

and (4) whether the public interest is advanced by the injunction. *O'Toole v. O'Connor*, 802 F.3d 783, 792 (6th Cir. 2015); *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009).

## ANALYSIS

Based on the motion, pleadings, briefs, and the entire record, the court finds:

(1) The Rutherford County Class Plaintiffs have demonstrated a strong or substantial likelihood of success on the merits of their claims that these Defendants are violating their constitutional rights to be free from inhumane treatment. Specifically, the Court finds that Plaintiffs have shown that they are likely to succeed on their claims that juveniles being detained in solitary confinement or isolation for punitive or disciplinary purposes constitutes such inhumane treatment.

Plaintiffs have shown that courts around the country have found increased protections for juveniles and persons with diminished capacities from inhumane treatment under the Eighth and Fourteenth Amendments. *See, e.g., Montgomery v. Louisiana*, 136 S.Ct. 718, 732 (2016) (mandatory life without parole for juveniles violates Eighth Amendment); *Ruiz v. Johnson*, 154 F.Supp.2d 975 (S.D. Tex. 2001) (administrative segregation units for diminished capacity prisoners violate Eighth Amendment standards); *Turner v. Palmer*, 84 F.Supp.3d 880, 883 (S.D. Iowa 2015) and cases cited therein (isolation cells for juveniles unconstitutional). Plaintiffs have also cited numerous scientific findings and international authorities that have opined that punitive solitary confinement or isolation for juveniles in government custody is cruel, inhuman and degrading.

As this court previously stated, solitary confinement of juveniles in government custody for punitive or disciplinary reasons, especially for extended periods of time and especially for youth who may suffer from mental illness, violates the Eighth Amendment's prohibitions against the inhuman treatment of detainees. *See* Docket No. 8.

(2) The Rutherford County Class Plaintiffs have demonstrated that they will suffer immediate and irreparable injury, harm, loss, or damage if injunctive relief is not granted pending trial. The harm suffered in solitary confinement is not harm easily undone. Indeed, the loss of constitutional rights is presumed to constitute irreparable harm. *See, e.g., Young v. Giles County Bd. of Educ.*, 181 F.Supp.3d 459, 465 (M.D. Tenn. 2015).

Defendants argue that the court, having denied Plaintiffs' first Motion for Preliminary Injunction, is precluded from granting Plaintiffs' motion because of the "law of the case." In denying Plaintiffs' first Motion for Preliminary Injunction, however, the court noted that, because Plaintiff John Doe was no longer in the Rutherford County Detention Facility, his request for injunctive relief against Defendants Duke and Rutherford County was moot. Now that a class has been certified, the same reasoning does not apply. As the court noted in certifying a class, the Rutherford County Defendants have produced a list of 128 juveniles who experienced isolation for punitive or disciplinary reasons from March 17, 2016, through October 7, 2016. *See* Docket No. 100.

This case is no longer considered moot because the class members are and have been in the Rutherford County Detention Facility, and the challenged conduct is capable of repetition, yet evading review.[3] Pretrial detention is by nature temporary, and it is most unlikely that any given individual could have his constitutional claim decided before he is either released or convicted. The individual could nonetheless suffer repeated deprivations, and other persons similarly situated could

---

[3] This exception applies when (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again. *Lawrence v. Blackwell*, 430 F.3d 368, 371 (6th Cir. 2005).

4

be detained under the allegedly unconstitutional procedures. *Gerstein v. Pugh*, 95 S.Ct. 854, 861, n. 11 (1975); *Wilson v. Gordon,* 822 F.3d 934, 944-45 (6th Cir. 2016).

(3) The balance of relative harms among the parties weighs in favor of Plaintiffs and against Defendants Rutherford County and Duke. Defendants argue that issuance of a preliminary injunction would interfere with the appropriate functioning of juvenile justice in Rutherford County. If Defendants are not placing juveniles in solitary confinement or isolation for punitive or disciplinary reasons, this preliminary injunction will change nothing for these Defendants. If there is a continuing constitutional violation occurring, then the harms to Plaintiffs certainly outweigh any harm to Defendants.

(4) For these same reasons, the public interest will not be harmed by injunctive relief pending trial. Protection of children from violations of constitutional rights is clearly in the public interest.

For all these reasons, Plaintiffs' Motion for Preliminary Injunction is granted, and the court will issue a Preliminary Injunction Order.

IT IS SO ORDERED.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE