IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:16-cv-0799 |
| | ) | |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| BONNIE HOMMRICH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is the Parties' Agreed Motion for Preliminary Approval of Class Settlement Agreement (Doc. No. 135). The Motion is **DENIED** without prejudice to being re-filed with respect to a revised Class Action Settlement Agreement that accounts for the Court's concerns described herein and previously discussed with counsel for all parties.

The Court is concerned that Section V of the Class Action Settlement Agreement (Doc. No. 135-1), concerning the release of claims, is too broad, in that it purports to release certain kinds of claims not implicated in this class action, which was brought under Federal Rule of Civil Procedure 23(b)(2) and seeks only declaratory and injunctive relief. The Court's concern would be alleviated were Section V's release to be revised to include only the kinds of claims actually brought in this action (i.e., claims seeking declaratory and injunctive relief), and not to include claims for damages or punitive damages.

In addition, the Court believes that reasonable attempts should be made to notify certain specific individuals who possibly could be members of the certified class. Specifically, the Court believes that Section VII (E) of the Class Action Settlement Agreement (Doc. No. 135-1), concerning notice, should be revised to add that the Notice of Proposed Settlement Agreement and

Fairness Hearing of Class Action (Ex. C to Doc. No. 135-1) shall be mailed to the last known addresses of any members of the previously identified 128 class members (*See* Doc. No. 100 at 4) who cannot, in good faith, be excluded from the class by agreement of counsel for all parties.

Furthermore, the Court believes that The Notice of Proposed Settlement Agreement and Fairness Hearing of Class Action (Ex. 1 to Doc. No. 135-1) should include particular additional information. Specifically, the Court believes that the Notice should be revised to include, in the description of the proposed settlement, a descriptive summary of the "Released Claims" specified in Section V (as revised) and a disclosure of the amount of attorneys' fees mentioned in Section VI of the Settlement Agreement.

If the parties wish to revise the Class Action Settlement Agreement as suggested above and then re-seek preliminary approval of the proposed settlement, the parties shall file, on or before February 28, 2019, a revised Motion for Preliminary Approval of Class Settlement and appropriate supporting documentation.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE