# CLASS ACTION SETTLEMENT AGREEMENT

In the matter of *Doe, et al. v. Hommrich, et al.*, United States District Court, Middle District of Tennessee, Case No. 3:16-CV-00799 (the "Litigation"), the parties have reached a class settlement agreement as memorialized herein (the "Class Settlement Agreement") and subject to the approval to the district court consistent with the requirement of federal law. The parties to the Class Settlement Agreement are as follow: (1) plaintiff **John Doe**, *a minor, by and through his Mother and next friend, Sharieka Frazier* (hereinafter "Mr. Doe"); (2) **a plaintiff class certified by the district court in the Litigation** (Docket No. 100), consisting of "all juveniles detained in the Rutherford County Juvenile Detention Center who are or were placed in solitary confinement or isolation for punitive reasons, from April 25, 2015 to the present" (the "Class"); (3) defendant **Bonnie Hommrich**, *in her official capacity as the Commissioner of the Tennessee Department of the Children's Services* (the "Commissioner");[1] (4) defendant the **Tennessee Department of the Children's Services** (the "Department"); and (5) defendant **Rutherford County, Tennessee** (the "County" or "Rutherford County"). Mr. Doe and the Class shall collectively be referred to as "Plaintiffs"; the Commissioner and the Department shall collectively be referred to as "State Defendants"; and, the County shall be referred to as "Rutherford County" or "County,"; and, Plaintiffs, State Defendants and Rutherford County shall collectively be referred to as the "Parties".

This Class Settlement Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as that term is defined below in

---

[1] Commissioner Hommrich retired in January 2019, and the new Commissioner of the Department is Commissioner Jennifer Nichols. The Commissioner refers to both the named defendant, Commissioner Hommrich, and Commissioner Nichols, both in their official capacity.

1

Section V), upon and subject to the terms and conditions of this Class Settlement Agreement, and subject to the final approval of the Court.

The purpose of this Class Settlement Agreement is to remedy and prevent potential constitutional violations concerning the use of solitary confinement of juveniles at the Rutherford Juvenile Detention Center (the "Rutherford JDC"), and to fully and finally resolve the Litigation, including the claims of any person subjected to solitary confinement, seclusion, and/or isolation from April 25, 2015 to the present at the Rutherford JDC. The Rutherford JDC is an integral part of the child welfare and public safety system in Rutherford County, Tennessee. Through the provisions of the Class Settlement Agreement, the Parties seek to ensure that County Defendants use of solitary confinement, seclusion and/or isolation[2] at the Rutherford JDC meet constitutional standards.

## Recitals

The following recitals provide background with regard to the Class Settlement Agreement. The Parties agree, however, that they are not intended to and do not create duties, rights or binding obligations, and, further, the Parties specifically state that the Recitals are not enforceable provisions of this agreement. Notwithstanding the foregoing, definitions of terms set forth in the Recitals are intended to be binding on the Parties.

    **A.**    Rutherford County operates the Rutherford JDC;

    **B.**    The Department licenses all Juvenile Detention Centers ("JDCs") legally operating in the State of Tennessee, including the Rutherford JDC;

---

[2] For purposes of this Class Settlement Agreement, the Parties are using the terms "solitary confinement", "seclusion", and "isolation" interchangeably and to mean the same thing.

2

**C.** On April 25, 2016, Mr. Doe filed a Complaint seeking to enjoin the Defendants' use of disciplinary solitary confinement against him and further seeking a declaration that the use of solitary confinement to punish or discipline juveniles violates the United States Constitution. Docket No. 1.

**D.** Mr. Doe thereafter amended his Complaint to add class allegations (Docket No. 34) and subsequently moved to certify a class of juvenile plaintiffs (Docket Nos. 54, 55).

**E.** After considering the submissions in opposition to class certification (Docket Nos. 78, 84), the District Court declined to certify a class consisting of "all current and future juveniles detained in any facility licensed and/or supervised by the [Department], including Juvenile Detention Centers operated by county governments or private entities" but did certify a class consisting of "all juveniles detained in the Rutherford County Juvenile Detention Center who are or were placed in solitary confinement or isolation for punitive reasons, from April 25, 2015 to the present" (Docket No. 100).

**F.** On March 23, 2017, the Court entered a Preliminary Injunction Order enjoining and restraining "Defendants Rutherford County and Lynn Duke, and their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them … from placing juveniles in the Rutherford County Juvenile Detention Facility in solitary confinement or otherwise isolating them from meaningful contact with their peers as punishment or discipline, pending further orders of the court". Docket No. 115. Upon entry of the permanent injunction, the Preliminary Injunction shall be dissolved.

**G.** In June 2017, the Department enacted new rules governing all JDCs, including the Rutherford County JDC: the Rules of the Department of Children's Services, Chapter 0250-04-

08, Minimum Standards for Juvenile Detention Centers and Temporary Holding Resources (the "Rules"); the Department began working on the Rules in late 2014; the Rules were finalized after input from both providers and child advocacy groups; and, the Rules include specific and appropriate requirements with regard to JDCs' use of seclusion. For purposes of the Class Settlement Agreement, the Rules refers to and means the Rules of the Department of Children's Services, Chapter 0250-04-08, Minimum Standards for Juvenile Detention Centers and Temporary Holding Resources, as interpreted and implemented by the Department.

H.      Following adoption of the Rules, the Department began planning for the routine review of JDCs to ensure compliance with the new Rules, including JDCs' use of seclusion. As part of its regular oversight of JDCs, including Rutherford JDC, the Department intends to conduct targeted on-site reviews of JDCs' use of restrictive behavioral management, including seclusion, at least twice a year (with at least one being unannounced) to ensure the JDCs are adhering with the requirements of the Rules, and during these reviews they will interview juveniles then living at the JDCs (the "Reviews"). At the conclusion of each Review of JDCs and based on that Review, including the Rutherford JDC, the Department will draft a Restrictive Behavior Management Targeted Review Report or similarly named report that describes the JDCs' compliance with the seclusion Rules: these reports completed with regard to the Rutherford JDC shall herein be referred to as the "Rutherford JDC Report".

I.      On January 23 and 29, 2018, the Department conducted a preliminary on-site review of the Rutherford JDC for the purpose of identifying any preliminary issues with Rutherford County's use of seclusion under the requirements of the new Rules at the Rutherford JDC, and thereafter completed a report with regard to that review ("Rutherford JDC Preliminary Report").

4

**J.**     On October 30, 2017, the district court ordered this case referred to Magistrate Judge Brown for the purpose of facilitating the setting of a settlement conference (Docket No. 122) and, thereafter, Magistrate Judge Brown ordered and then conducted mediation conferences between the Parties on December 14, 2017 and January 16, 2018.

**K.**     State Defendants and Rutherford County have denied and continue to deny that they committed, or threatened, or attempted to commit any wrongful action or violation of the law in connection with the subject matter of the Litigation.  State Defendants and Rutherford County further maintain that they have meritorious defenses to the causes of actions asserted in the Litigation and were prepared to vigorously defend this matter.  Nonetheless, taking into account the uncertainty and risks inherent in any litigation, State Defendants and Rutherford County have determined that defending this Litigation would be burdensome and expensive, and that it is desirable and beneficial to them that the Litigation be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Class Settlement Agreement.

**L.**     The Parties agree that this Class Settlement Agreement is a compromise of disputed claims and that the Class Settlement Agreement, along with any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of any defendant or the Released Parties, as defined below.

**M.**     Lynn Duke, in her individual and official capacity as Director of the Rutherford County Juvenile Detention Center ("Duke"), and Lieutenant Angela Istvanditsch, in her individual and official capacity as an officer of the Rutherford County Juvenile Detention Center ("Istvanditsch") were named as Defendants in the Complaint.  The Parties agree that Duke and Istavanditsch are not necessary parties for the relief granted herein.  As such, pursuant to Federal

5

Case 3:16-cv-00799    Document 140-1    Filed 02/28/19    Page 5 of 39 PageID #: 3703

Rules of Civil Procedure 41 and 23, the Parties will jointly ask the Court to dismiss Duke and Istvanditsch with prejudice as parties in the Motion for Preliminary Approval and upon entry of a preliminary approval order in this matter.

## Section I—Plaintiff Class

This Class Settlement Agreement is entered into on behalf of the Class, which as stated above, has been certified by the district court and consists of "all juveniles detained in the Rutherford County Juvenile Detention Center who are or were placed in solitary confinement or isolation for punitive reasons, from April 25, 2015 to the present." Docket No. 100.

## Section II—Compliance with the Department's Rules

As described above, after over two years of consideration and discussion, and after input from several child advocacy groups, in June 2017, the Department enacted the Rules, which include specific requirements with regard to JDCs' use of seclusion in Tennessee, including provisions that: (1) prohibit the use of seclusion for punitive purposes; (2) govern the approval that must be obtained before or immediately after seclusion is implemented; (3) govern the frequency of observation of juveniles subjected to seclusion by JDCs while in seclusion; (4) govern the JDCs' documentation requirements when seclusion is used; and, (5) govern the training requirements for JDC staff. Plaintiffs agree that the provisions in the Rules relating to JDCs' use of seclusion, and associated requirements, are appropriate and meet constitutional standards. Rutherford County agrees that it is bound by the seclusion requirements set forth in the Rules, and will be bound by any revisions subsequently made to the Rules. Rutherford County further agrees to abide by the seclusion requirements set forth in the Rules or any revisions to the Rules.

Rutherford County further acknowledges and agrees that the Rules prohibit the use of seclusion for punitive purposes at any JDC they operate.

### Section III—Department's Oversight of Rutherford JDC

As part of this Class Settlement, State Defendants provided to Plaintiffs' counsel a draft of their standard operating procedure ("SOP") for conducting the Reviews, as that term is defined in Recital H. Plaintiffs' counsel provided to State Defendants any and all comments they had regarding the SOP, in writing, within fourteen (14) days of receipt of the SOP. State Defendants considered in good faith Plaintiffs' counsel's comments, if any, before finalizing the SOP. State Defendants had and have the sole discretion to establish the final SOP contents and modify them as necessary moving forward.

As part of this Class Settlement, State Defendants have provided to Plaintiffs' counsel a copy of the Rutherford JDC Preliminary Report, and the Rutherford JDC Report, with the names of juveniles redacted, for the calendar year 2018. State Defendants also agree to provide to Plaintiffs' counsel the Rutherford JDC Report in 2019, within fifteen (15) days of the conclusion of each Review conducted of Rutherford JDC in the calendar year 2019.

### Section IV—Continuing Injunctive Relief

Rutherford County agrees that a permanent injunction will be entered in the Litigation. Specifically the Final Order will include a provision providing for the following injunctive relief, which will hereinafter be referred to in this agreement as the "Permanent Injunction": "Rutherford County is permanently enjoined from using seclusion for punishment as provided in the Rules, as may be amended or revised by the State of Tennessee."

## Section V—Release

Mr. Doe and the Class, and every member of the class, individually and as a Class, for themselves, their attorneys, parents, spouses, executors, representatives, heirs, successors, and assigns (collectively the "Releasing Parties"), in consideration of the relief set forth in the Class Settlement Agreement, the sufficiency of which is acknowledged, will and hereby do, to fullest extent permitted by law, fully and finally release State Defendants and Rutherford County, their employees, officers, contractors, agents, representatives, affiliates, successors, and attorneys, Duke and Istvanditsch (the "Released Parties"), from any and all past or present claims, demands, causes of action, liabilities, obligations, costs, fees, interest, attorneys' fees, and expenses for the relief sought in the Litigation or for any other claims seeking declaratory and/or injunctive relief that arises out of the Litigation (the "Released Claims") under or pursuant to any theory of law, including, but not limited to, the United States Constitution, the Tennessee Constitution, state or federal statutes, state or federal regulations, and/or state or federal common law.

## Section VI--Attorneys' Fees

A. **Attorney Fees for this Action.** The Parties agree that Plaintiffs qualify as a "prevailing party" as such term is defined in 42 U.S.C. 1988, and that counsel for Plaintiffs are entitled to an award of attorney fees and reimbursement. Rather than litigate the separate issue of the amount of fees reasonable for counsel's services in achieving this Class Settlement Agreement and Final Order, after a review of the time slips maintained by Plaintiffs' counsel for this Litigation and negotiation conducted under the supervision of Magistrate Judge Brown and a private mediator, Rutherford County and State Defendants have agreed to pay Plaintiffs' counsel the total sum of attorneys' fees and expenses in the amount of $250,000.00, apportioned as follows: Rutherford County agrees to pay $166,666.67; State Defendants agree to pay $83,333.33. Said payment shall

8

be made within sixty (60) days of the entry of the Final Order dismissing this case with prejudice and after the entry of an order by the district court approving the fees, whichever date is later. Plaintiffs and their counsel hereby agree and acknowledge that the award of $250,000.00 for fees and expenses fully compensates them for all work performed to date and in the future relative to this Litigation, and that Plaintiffs' counsel are not entitled to, and Plaintiffs hereby waive any claim for, additional attorneys' fees or expenses for any work performed related to this Litigation.

B. **Attorney Fees for Review of Routine Review Documents during 2018.** As set forth above in Section IV, State Defendants are to provide Plaintiffs' counsel copies of the Rutherford JDC Preliminary Report and the Rutherford JDC Report (collectively the "Reports") for on-site reviews conducted at Rutherford JDC during the calendar year 2018. Plaintiffs and their counsel agree that they are not entitled to receive payment from State Defendants or Rutherford County for work performed by them in reviewing the Reports, or taking any follow-up action with regard to the Reports, or for any other matter related to this Litigation except for the sum specifically set forth above in Section VI.A.

C. **Attorneys' Fees for New Action.** Nothing in this Class Settlement Agreement will be construed to limit or preclude Plaintiffs' attorneys from seeking the recovery of attorneys' fees in any new, subsequently filed action.

### Section VII—Notice and Approval

A. **District Court Approval.** This Class Settlement Agreement shall be subject to District Court approval. However, nothing in this Class Settlement Agreement shall be deemed to authorize the District Court to change or vary any of its terms. If the District Court does not approve this Class Settlement Agreement in the executed form or in a revised form with the express written approval of all parties, then this Settlement Agreement is of no legal effect and the Parties are not

9

bound by its terms. Notwithstanding the foregoing, in the event any exhibit to the Agreement is modified by the district court as part of, or during the, approval process, the Class Settlement Agreement shall remain in full force and effect unless (1) the modification is material and (2) any of the Parties declares in writing, within seven days of the modification, that it considers the modification to be material in nature.

B. **Preliminary Approval.** The Parties agree that they will cooperate and take all reasonable steps to ensure that this Class Settlement Agreement is approved by the District Court and becomes effective. Within thirty (30) days after the execution of the Class Settlement Agreement by all Parties, counsel for the Parties shall file a joint motion with the Court for a preliminary order approving the Class Settlement Agreement ("Motion for Preliminary Approval"). The Parties agree to attach to the Motion for Preliminary Approval at least the following documents: (1) a copy of the executed Class Settlement Agreement; (2) a proposed Order Granting Motion for Preliminary Approval of Class Settlement; Directing Issuance of Settlement Notice; and Scheduling of Hearing on Final Approval, in the form as attached hereto as Exhibit A (the "Preliminary Order"); (3) proposed notice to the class for the final Fairness Hearing, described below (the "Fairness Hearing Notice"); and, (4) a proposed Permanent Injunction and Order of Dismissal with prejudice, for which the Parties will seek entry following the final approval of the Class Settlement Agreement, in the form as attached hereto as Exhibit B (the "Final Order"). The Parties agree that Duke and Istavanditsch, named as Defendants in the original Complaint, are not necessary parties for the relief granted herein. As such, pursuant to Federal Rules of Civil Procedure 41 and 23, the Parties shall jointly ask the Court to dismiss Duke and Istvanditsch with prejudice as parties in the Motion for Preliminary Approval and include their dismissal with prejudice in the Preliminary Order.

C.  **Class Action Fairness Act ("CAFA")**. Within fifteen (15) days of the filing of the Motion for Preliminary Approval, counsel for Defendants will provide the Notice of this Class Settlement Agreement as required by the Class Action Fairness Act, 28 U.S.C. § 1715.

D.  **Fairness/Final Approval Hearing.** The fairness or final approval hearing (the "Fairness Hearing") will be held on such date as the Court, in its discretion, may order.  At the Fairness Hearing, the Parties shall jointly move for and recommend the entry of the Final Order, attached hereto as <u>Exhibit B</u>.  The Fairness Hearing shall take place on a date allowing for such period of Notice to the Class as the District Court may direct, and in accordance with 28 U.S.C. § 1715.

E.  **Notice.** Parties shall jointly request that the Court approve notice of the proposed Class Settlement Agreement to be provided to the Class as follows: within 30 days after Preliminary Approval, the Parties shall distribute notice of the proposed Class Settlement Agreement as required by the District Court's preliminary approval order.  Attached as <u>Exhibit C</u> is the notice the Parties propose be approved by the court (the "Fairness Hearing Notice").  The Fairness Hearing Notice includes a brief statement of the claims released by the Class; the date of the hearing on the Final Approval of the Class Settlement Agreement; the deadline for submitting objections to the Class Settlement Agreement; the web page, address, and phone and fax numbers that may be used to obtain a copy of the Fairness Hearing Notice and/or the Class Settlement Agreement in the format and language requested.  Moreover, the Parties shall request that the Court order that the Fairness Hearing Notice be published as follows:

> 1. Plaintiffs' counsel, the Department and the County shall each post in a prominent place on their respective websites a copy of the Fairness Hearing Notice and the proposed Class Settlement Agreement until the deadline for submitting objections has passed.

> 2. Following Final Approval, Plaintiffs' counsel and the County shall each post a copy of the final Class Settlement Agreement on their respective websites for a period of twelve (12) months.

11

3. The County shall also post the Fairness Hearing Notice in the visitor areas and in the entrance lobby of the Rutherford JDC until the deadline for submitting objections has passed. The County shall also mail the Fairness Hearing Notice to the Juvenile Court Judge and Magistrates for the Juvenile Court of Rutherford County, the Rutherford County Public Defender's Office, and the Rutherford County District Attorney's Office.

4. Nothing in this Class Settlement Agreement shall bar the Parties from further distribution of the Fairness Hearing Notice at their own expense.

5. Each party shall bear their own cost of providing the notice set forth in Section VII E.1-4.

6. At least fourteen (14) days before the Fairness Hearing, Counsel for the Department and Rutherford County will provide a declaration to the District Court attesting that they each disseminated notice consistent with this Class Settlement Agreement.

7. The Rutherford County Defendants shall send, by U.S. First-Class Mail, a copy of the Notice to the last known address of the one-hundred and twenty-eight (128) persons identified by Rutherford County in the course of discovery and referenced by the Court in its Order certifying the class (Docket No. 100 at 4), unless excluded from potential class membership by agreement of counsel for Rutherford County and Plaintiffs.

F. **Final Approval Order.** The Parties shall use their best efforts to secure the Court's issuance of Final Approval Order. The Parties will request that the Final Approval Order include, among other things: find that the Court has personal jurisdiction over the Plaintiff Class and class members and that the Court has subject matter jurisdiction to approve the Class Settlement Agreement; approve the Class Settlement Agreement as fair, adequate and reasonable, and consistent and in compliance with all applicable provisions of the law; and, declare that this Class Settlement Agreement to be binding on the Plaintiff Class.

## Section VIII – Miscellaneous Provisions

A. **Complete Agreement.** This Class Settlement Agreement shall constitute the entire integrated agreement of the Parties. No prior contemporaneous communications, oral or written, or prior drafts shall be relevant or admissible for purposes of determining the meaning of any provisions here in this litigation or in any other proceeding.

12

B.  **Cooperation.**  The Parties agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Class Settlement Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms.  Plaintiffs' counsel, the State Defendants' counsel and the Rutherford County's counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Class Settlement Agreement and the Final Order and Judgment.

C.  **Headings.**  The headings used in this Class Settlement Agreement are used for the purposes of convenience and are not intended to have any legal effect.

D.  **Amendment of Agreement.**  This Class Settlement Agreement may not be amended, modified, altered or otherwise changed in any manner except by a writing signed by a duly authorized agent of Plaintiffs, State Defendants, and Rutherford County, and approved by the Court.  In the event any exhibit to the Agreement is modified by the district court as part of, or during the, approval process, the Class Settlement Agreement shall remain in full force and effect unless (1) the modification is material and (2) any of the Parties declares in writing, within seven days of the modification, that it considers the modification to be material in nature.

E.  **Costs and Expenses.**  Except as other specifically provided herein in Section VI.A., each party shall bear their own expenses and costs, including attorneys' fees.

F.  **Execution in Counterpart.**  This Class Settlement Agreement may be executed in one or more counterparts, exchanged by hand, messenger, facsimile, or PDF as an electronic mail attachment.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Class Settlement Agreement all exchange

13

signed counterparts.  A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

G.  **Choice of Law.**  This Class Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Tennessee.

**Signatures on Next Page**

Executed by:

**John Doe**

Signature: John Doe
Date: February 26, 2019

**Sharieka Frazier,** as mother and next friend of
Plaintiff John Doe

Signature: _____
Date: February 26, 2019

**Plaintiff's Class Counsel, signing on behalf of Class**

Signature: Wesley Clk
Name: Wesley Clark
Title: Plaintiff Attorney
Date: February 28, 2019

**Jennifer Nichols,** *in her official capacity as the Commissioner of the Tennessee Department of the Children's Services*

Signature: _____
Date: February ___, 2019

**Tennessee Department of Children's Services**

Signature: _____
Name: _____
Title: _____
Date: February ___, 2019

**Rutherford County, Tennessee**

Signature: _____
Name: _____
Title: _____
Date: February ___, 2019

15

Executed by:

**John Doe**

Signature: _____
Date:  February ___, 2019

**Sharieka Frazier,** as mother and next friend of
Plaintiff John Doe

Signature: _____
Date:  February __, 2019

**Plaintiff's Class Counsel, signing on behalf of Class**

Signature: _____
Name: _____
Title: _____
Date:  February ___, 2019

**Jennifer Nichols,** *in her official capacity as the Commissioner of the Tennessee Department of the Children's Services*

Signature: _____
Date:  February 1_, 2019

**Tennessee Department of Children's Services**

Signature: _____
Name: Alexander S. Rieger
Title: Director of Policy — States' Rights
Date:  February 20, 2019

**Rutherford County, Tennessee**

Signature: _____
Name: Bill Ketron
Title: Mayor
Date:  February 1_, 2019

15

Executed by:

**John Doe**                                      **Sharieka Frazier,** as mother and next friend of
                                                  Plaintiff John Doe

Signature: _____
Date:   February ___, 2019                        Signature: _____
                                                  Date:   February __, 2019


**Plaintiff's Class Counsel, signing on behalf of Class**

Signature: _____
Name: _____
Title: _____
Date:   February ___, 2019


**Jennifer Nichols,** *in her official capacity as the Commissioner of the Tennessee Department of*
*the Children's Services*

Signature: _____
Date:   February ___, 2019


**Tennessee Department of Children's Services**

Signature: _____
Name: _____
Title: _____
Date:   February _____, 2019


**Rutherford County, Tennessee**

Signature: _Bill Ketron_
Name: _Bill Ketron_
Title: _MAYOR_
Date:   February _14_, 2019


15

# EXHIBIT A
## to the Class Settlement Agreement

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

JOHN DOE, a minor, by and )
through his Mother and next friend )
SHARIEKA FRAIZER, )
                      )
Plaintiffs, )          Docket No. 3:16-CV-0799
                      )          JUDGE RICHARDSON/BROWN
      v. )
                      )
BONNIE HOMMRICH, et al )
                      )
Defendants. )

_____

## [proposed] ORDER GRANTING PRELIMINARY APPROVAL OF THE CLASS SETTLEMENT AGREEMENT, DISMISSING CERTAIN INDIVIDUAL DEFENDANTS WITH PREJUDICE, SETTING FAIRNESS HEARING AND APPROVING FAIRNESS HEARING NOTICE

_____

Pending before the Court is the Parties' Agreed Motion for Preliminary Approval of Class Settlement Agreement (the "Motion"). (Docket No. ___.) In the Motion, which has been jointly filed and agreed to by all of the parties to this litigation, the parties request the Court to do the following: preliminarily approve the Class Settlement Agreement; set a Fairness Hearing date for final consideration of the Class Settlement Agreement; approve the Notice of the Fairness Hearing presented by them; and, dismiss individual defendants Lynn Duke ("Duke") and Lieutenant Angela Istvanditsch ("Istvanditsch").

The Court has reviewed the Motion, as well as the exhibits thereto and makes the following findings:

1.         All parties to the Class Settlement Agreement joined in the Motion and seek for the relief requested be entered. The parties are as follows: plaintiff John Doe, *a minor, by and through*

*his Mother and next friend, Sharieka Frazier*, and class representative; (2) the plaintiff class certified by the district court in this matter, consisting of "all juveniles detained in the Rutherford County Juvenile Detention Center who are or were placed in solitary confinement or isolation for punitive reasons, from April 25, 2015 to the present" (*see* Memorandum Order, Docket No. 100, p. 9); (3) defendant Bonnie Hommrich, *in her official capacity as the Commissioner of the Tennessee Department of the Children's Services*; (4) defendant the Tennessee Department of the Children's Services (the "Department"); and (5) defendant Rutherford County, Tennessee ("Rutherford County") (collectively, these defendants will be referred to as the "Parties").

2.      This Court previously certified a class in this matter (Docket No. 100), and the class is "all juveniles detained in the Rutherford County Juvenile Detention Center who are or were placed in solitary confinement or isolation for punitive purposes, from April 25, 2015 to the present" (the "Class").  (Docket No. 100 at 9.)  In certifying the Class, this Court noted that Plaintiffs were not seeking damages, only injunctive and declaratory relief. *Id.* at 2.

3.      Following certification of the Class, the Court conducted an in-person case management conference, at which counsel for the Parties agreed that it made sense to schedule a mediation/judicial conference with a magistrate judge to determine whether the Parties could resolve the case.  (*See* Order, Docket No. 122.)  The Court thus referred this case to Magistrate Judge Brown.  *Id.*

4.      The terms of the Class Settlement Agreement (Docket No. __) resulted from intense negotiations between the Parties under the supervision of Magistrate Judge Brown and then a private mediator.  The Court concludes that the Class Settlement Agreement was the result of an arm's length negotiation between experienced counsel for the Parties and not the product of overreaching or fraud.

2

5.     The Parties submitted the Class Settlement Agreement to the Court in their Motion (the "Class Settlement Agreement").

6.     The Court preliminarily finds that on its face the Class Settlement Agreement provides the certified Class with the primary relief they sought, namely permanent injunctive relief.  Specifically, if the Class Settlement Agreement is approved after the Fairness Hearing, a permanent injunction will be entered enjoining Rutherford County from using seclusion for punishment as provided in the Rules, as may be amended or revised by the State of Tennessee. (*See* Class Settlement Agreement, Section IV (the "Permanent Injunction").)

7.     In addition to the Permanent Injunction, the Class Settlement Agreement also requires the Department to provide, and indeed it is reported by the Parties in the Motion that the Department has begun providing, Plaintiffs' counsel with copies of reports describing reviews the Department is conducting of Rutherford JDC relative to its implementation of the Rules of the Department of Children's Services, Chapter 0250-04-08, Minimum Standards for Juvenile Detention Centers and Temporary Holding Services (the "Rules").  Among other thing, the Parties agree that the Rules prohibit the use of seclusion for punitive purposes and Rutherford County agrees in the Class Settlement Agreement that they are bound by the Rules.  (*See* Class Settlement Agreement, Section II.)  Moreover, Plaintiffs, by and through their counsel and experts, reviewed the Rules and agree that the "provisions relating to JDCs' use of seclusion, and associated requirements, are appropriate and meet constitutional standards."  *Id.*  These reports, which were provided in 2018 and will be provided 2019, allow Plaintiffs' counsel to conduct appropriate oversight of Rutherford JDC's ongoing use of seclusion.

8.     For all these reasons, the Court preliminarily finds, subject to consideration of any objections timely filed by a Class Member, argument presented at the final approval or fairness

3

hearing (the "Fairness hearing"), and any other information appropriately provided to this Court, that the Class Settlement Agreement is fair, reasonable and adequate to all concerned.

9.     The Class Settlement Agreement also describes the notice to be provided to the Class of the Fairness Hearing (the "Fairness Hearing Notice"), how the Fairness Hearing Notice will be published, and attaches the proposed notice as an exhibit.  (Class Settlement Agreement, Section VII.E.)[1]  The Parties ask this Court to approve the Fairness Hearing Notice as part of this motion.

10.     Following preliminary approval of a class settlement, putative class members must be notified of the settlement. *See* Fed. R. Civ. P. 23(e)(1). "The court must direct notice in a reasonable manner to all class members who would be bound by the proposal." *Id*. "[N]otice must ... fairly apprise ... prospective members of the class of the terms of the proposed settlement so that class members may come to their own conclusions about whether the settlement serves their interests." *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 423 (6th Cir. 2012) (quoting *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 630 (6th Cir. 2007) (internal quotation marks omitted)). To meet this standard, a class notice should "inform the class members of the nature of the pending action, the general terms of the settlement, that complete and detailed information is available from the court files, and that any class member may appear and be heard at the hearing." Kinder v. Meredith Corp., 2016 WL 454441, at *3 (E.D. Mich. 2016) *quoting* Newburg on Class Actions § 8:17 (5th ed.).

11.     The Fairness Hearing Notice is appropriate and reasonable.  It includes the following information:  a brief statement of the claims released by the Class; the date of the Fairness Hearing; a description of the proposed settlement;  the deadline for submitting objections

---

[1] The proposed notice is attached to this Order as Exhibit 1.

4

to the settlement; information about how to obtain a copy of the Class Settlement Agreement; the information that must be contained in any objection; attendance at the Fairness Hearing, including the date; and, contact information for all counsel to the case, along with an invitation to contact Class counsel if they have any questions. (*See* proposed Fairness Hearing Notice, attached hereto as Exhibit 1.)

12. The method by which the Fairness Hearing Notice is proposed to be published also is reasonably calculated to reach members of the Class. The Parties seek Court approval to publish the Fairness Hearing Notice by several means. (*See* Class Settlement Agreement, Section VII.E.) When a case, like this one, is certified under Rule 23(b) of the Federal Rules of Civil Procedure, courts often do not require any notice to the class of motion to approve settlement, and even where notice is required often it is accomplished by publication. *Hart v. Colvin*, No. 15-CV-00623-JST, WL 9288252 at *2 (N.D. Cal. Apr. 17, 2017) (*citing Green v. American Exp. Co.*, 200 F.R.D. 211, 212 (S.D.N.Y. 2001); *see also Cole v. City of Memphis*, 839 F.3d 530, 541 (6th Cir. 2016). The Parties request that this Court approve the publication of the Fairness Hearing Notice be published by several means. First, the Department and Rutherford County have agreed to post a copy of the Fairness Hearing Notice and proposed Class Settlement Agreement in a prominent place on their websites. *Id.*, Section VII.E.1. Moreover, Rutherford County shall post the Fairness Hearing Notice in the entrance lobby and the visiting areas of the Rutherford JDC until the deadlines for objecting has passed. *Id.*, Section VII.E.3. Further, Rutherford County also will mail the Fairness Hearing Notice to Juvenile Court Judge and Magistrates for the Juvenile Court of Rutherford County, as well as the Rutherford County Public Defender's Office and the Rutherford County District Attorney's Office. *Id.* Finally, Rutherford County is sending, by U.S. First-Class Mail, a copy of the Notice to the last known address of the one-hundred and twenty-eight (128) persons

identified by Rutherford County in the course of discovery and referenced by the Court in its Order certifying the class (Docket No. 100 at 4), unless excluded from potential class membership by agreement of counsel for Rutherford County and Plaintiffs.

13.     Lynn Duke, who was named in the suit in her individual and official capacity as Director of the Rutherford County Juvenile Detention Center ("Duke"), and Lieutenant Angela Istvanditsch, who was named in the suit in her individual and official capacity as an officer of the Rutherford County Juvenile Detention Center ("Istvanditsch") are not necessary parties for the relief contained the Class Settlement Agreement or this Order and may be dismissed with prejudice as jointly requested by the parties.

For the reasons stated herein, the Motion is **GRANTED** in whole and **IT IS HEREBY ORDERED AS FOLLOWS:**

1.      The Class Settlement Agreement is preliminarily approved subject to the Court conducting a fairness or final approval hearing (the "Fairness Hearing");

2.      The Fairness Hearing to consider whether the Class Settlement Agreement will be finally approved is hereby set for June 10, 2019;

3.      The parties proposed notice of the Fairness Hearing (the "Fairness Hearing Notice"), attached to this Order as Exhibit 1 and incorporated by reference, is approved;

4.      The parties are directed to publish and distribute the Fairness Hearing Notice and/or copies of the Class Settlement Agreement as follows:

   a.   Plaintiffs' counsel, the Department and the County shall each post in a prominent place on their respective websites a copy of the Fairness Hearing Notice and the proposed Class Settlement Agreement until the deadline for submitting objections has passed.

   b.   Following Final Approval, Plaintiffs' counsel and the County shall each post a copy of the final Class Settlement Agreement on their respective websites for a period of twelve (12) months.

6

c.  The County shall also post the Fairness Hearing Notice in the visitor areas and in the entrance lobby of the Rutherford JDC until the deadline for submitting objections has passed.  The County shall also mail the Fairness Hearing Notice to the Juvenile Court Judge and Magistrates for the Juvenile Court of Rutherford County, the Rutherford County Public Defender's Office, and the Rutherford County District Attorney's Office. Finally, the County shall send, by U.S. First-Class Mail, a copy of the Notice to the last known address of the one-hundred and twenty-eight (128) persons identified by Rutherford County in the course of discovery and referenced by the Court in its Order certifying the class (Docket No. 100 at 4), unless excluded from potential class membership by agreement of counsel for Rutherford County and Plaintiffs.

d.  Nothing in this Class Settlement Agreement shall bar the Parties from further distribution of the Fairness Hearing Notice at their own expense.

e.  Each party shall bear their own cost of providing the notice set forth in Section VII E.1-4.

f.  At least fourteen (14) days before the Fairness Hearing, Counsel for the Department and Rutherford County will provide a declaration to the District Court attesting that they each disseminated notice consistent with this Class Settlement Agreement.

5.  Defendants Lynn Duke and Lieutenant Angela Istvanditsch, in both their individual and official capacities, are hereby dismissed from this litigation with prejudice.

IT IS SO ORDERED, this _____ day of _____, 2019.


_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE


7

# EXHIBIT B
## to the Class Settlement Agreement

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

JOHN DOE, a minor, by and )
through his Mother and next friend )
SHARIEKA FRAIZER, )
                                     )
Plaintiffs, )            Docket No. 3:16-CV-0799
                                     )            JUDGE RICHARDSON
       v. )
                                       )
BONNIE HOMMRICH, et al )
                                       )
Defendants. )
_____

## [proposed] FINAL ORDER APPROVING CLASS SETTLEMENT, ORDERING PERMANENT INJUNCTIVE RELIEF, AND DISMISSING CASE WITH PREJUDICE
_____

This matter came to be heard in open Court upon a Fairness Hearing, conducted on June 10, 2019, for final consideration of the proposed Class Settlement Agreement. The parties provided Notice to the Class of the proposed settlement agreement and the Fairness Hearing consistent with the approved Fairness Hearing Notice approved by this Court.

For the reasons stated herein, the proposed Class Settlement Agreement is approved, and the Court makes the following **FINDINGS** and **IT IS HEREBY ORDERED AS FOLLOWS:**

1.       On January 23, 2019, the plaintiffs John Doe, individually and on behalf of the class as Class Representative ("Mr. Doe") and counsel for Mr. Doe and the class certified by this Court, Thomas H. Castelli, Mark J. Downton and Wesley B. Clark (collectively "Class Counsel"), and the defendants Bonnie Hommrich, in her official capacity as the Commissioner of the Tennessee Department of the Children's Services ("Commissioner Hommrich"), the Tennessee Department

of the Children's Services (the "Department"), and, Rutherford County, Tennessee (the "County") filed an Agreed Motion to Approve Class Settlement (Docket No. __ ("Motion to Approve".) Attached to the Motion to Approve is the executed Class Action Settlement Agreement (the "Class Settlement Agreement"), which all parties request this Court to approve and based on which the parties seek this final order. A copy of the Class Settlement Agreement is attached to this Order as Exhibit A.

2. On _____, this Court entered an Order Granting Preliminary Approval of the Class Settlement, Directing Notice to the Class, and Scheduling Fairness Hearing (Docket No. ___ (the "Preliminary Approval Order").) Pursuant to the Preliminary Approval Order, a Fairness Hearing was conducted on June 10, 2019.

3. This Final Order Approving Class Settlement, Ordering Permanent Injunctive Relief, and Dismissing Case with Prejudice (the "Final Order") incorporates the Class Settlement Agreement and its exhibits, and the Preliminary Approval Order.

4. Based on the entire record before this Court, including the Memorandum and Order entered on February 17, 2017 (Docket No. 100), the Class Settlement Agreement (attached as Exhibit A), the Motion to Approve (Docket No. __), the Preliminary Approval Order (Docket No. __), the Fairness Hearing, and all other prior submissions and filings in this proceeding, the Court hereby confirms that the certified and final class in this matter is as follows (hereinafter referred to as the "Class" and/or the "Class Members"):

> **All juveniles detained in the Rutherford County Juvenile Detention Center who are or were placed in solitary confinement or isolation for punitive reasons, from April 25, 2015 to the present.**

(Docket No. 100, p. 9; and, Class Settlement Agreement, Section I.)

5. The Court confirms that the Class meets all the applicable requirements of FED. R. CIV. P. 23(a) and (b)(2).

6. The Court has personal jurisdiction over all parties in the Litigation, including all Class Members, and has subject matter jurisdiction over this class litigation, including jurisdiction to approve the Settlement Agreement, grant final certification of the Class, to settle and release all claims released in the Settlement Agreement, to enter the permanent injunction, and to dismiss this matter with prejudice. Further, venue is proper in this Court.

7. In accordance with the Preliminary Approval Order, the Class Members were given notice of the terms of the Settlement (the "Notice"), as well as the date, time and location of the Fairness Hearing and the deadline for presenting objections to the Class Settlement Agreement. In particular and in conformity with the Preliminary Approval Order, the Notice was provided to Class Members by the following means: a mailing by Rutherford County to the last known address of the one-hundred and twenty-eight (128) potential class members identified by Rutherford County in the course of discovery and referenced by the Court in its Order certifying the class (Docket No. 100 at 4), unless excluded from potential class membership by agreement of counsel for Rutherford County and Plaintiffs; publication on the websites of the County and the Department; posting in the entrance lobby and visitor areas of the Rutherford County Juvenile Detention Center; and, mailing to Juvenile Court Judge and Magistrates for the Juvenile Court of Rutherford County, the Rutherford County Public Defender's Office, and the Rutherford County District Attorney's Office. The Notice informed the Class Members of who was in the class, a summary of basis for the litigation, a description of the proposed settlement, that they could object to the proposed settlement, a description of the proposed release, and the procedure and deadline for submitting any such objections. The Notice provided Class Members with adequate time to

submit any objections to the Class Settlement Agreement. This Court finds that the Notice, both its content and the method by which it was published to potential Class Members, afforded Class Members appropriate and adequate protections to make informed decisions regarding the Class Settlement Agreement, and satisfied the requirement of law and due process.

8.     The designated class representative is John Doe, and the Court finds that he adequately represents the Class for purposes of entering into and implementing the Settlement Agreement. Moreover, the Court finds that Thomas H. Castelli, Mark J. Downton and Wesley B. Clark are appropriate class counsel.

9.     At the June 10, 2019, Fairness Hearing, the Parties presented support for why the Class Settlement Agreement is fair, reasonable and adequate to all concerned. Moreover, no Class Member has lodged an objection to the Class Settlement Agreement, either in writing in advance of, or by way of testimony at, the Fairness Hearing.

10.    Pursuant to FED. R. CIV. P. 23(e), the Court hereby approves in all respects the parties settlement as set forth in the Settlement Agreement and finds that the Settlement Agreement is in all respects fair, reasonable, adequate, and in the best interest of the Class, and fully complies with the applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Class Action Fairness Act, and any other applicable law. The Court hereby declares the Settlement Agreement is binding on all Class Members and is to be preclusive in that regard.

11.    The Court finds that the Settlement Agreement is fair, reasonable and adequate based on the following factors and findings, among other things: (a) there is no fraud or collusion underlying the Settlement Agreement; (b) the complexity, expense, and uncertainty in this matter favors settlement of behalf of the Class; (c) the Settlement Agreement provides meaningful

4

injunctive relief on behalf of the Class Members and other juveniles who may come into the custody of the Rutherford JDC; and (d) any and all other applicable factors that favor final approval.

12. Consistent with the terms of the Class Action Settlement, the following permanent injunction, entered with regard to only the defendant Rutherford County, is hereby ordered: "Rutherford County is permanently enjoined from using seclusion for punishment as provided in the Rules of the Department of Children's Services, Chapter 0250-04-08, Minimum Standards for Juvenile Detention Centers and Temporary Holding Services (the "Rules"), as may be amended or revised by the State of Tennessee."

13. Consistent with the terms of the Class Action Settlement, the Department provided to Plaintiffs' counsel a draft of their standard operating procedure ("SOP") for conducting the Reviews, as that term is defined in the Settlement Agreement, and Plaintiffs' counsel provided to State Defendants any and all comments they had regarding the SOP, in writing, within fourteen (14) days of receipt of the SOP. State Defendants considered in good faith Plaintiffs' counsel's comments, if any, before finalizing the SOP. State Defendants had and have the sole discretion to establish the final SOP contents and modify them as necessary moving forward. Moreover, State Defendants have provided to Plaintiffs' counsel a copy of the Rutherford JDC Preliminary Report, and the Rutherford JDC Report, with the names of juveniles redacted, for the calendar year 2018, and Defendants shall continue to provide to Plaintiffs' counsel a copy of the Rutherford JDC Report, as those terms are defined in the Settlement Agreement, with the names of juveniles redacted, within fifteen (15) days of the conclusion of each review conducted by the Department of Rutherford JDC in the calendar year 2019.

14.     Plaintiffs Mr. Doe and the Class Members provide the defendants a release of claims as part of the Settlement Agreement (the "Release").  (Settlement Agreement, Section V). Based upon the entire record in this cause, including the statements of Class Counsel, this Court finds that Release is appropriate and adopts the Release as binding on the parties.

15.     The parties agree, and this Court finds, that Mr. Doe and the Class qualify as prevailing parties as defined in 42 U.S.C. §1988, and that they are entitled to an award of attorneys' fee and reimbursement.   Based on the Class Settlement Agreement and the statements of counsel at the Fairness Hearing, a mediated resolution among the parties has been reached with regard to the appropriate amount of attorneys' fees and expenses to be awarded:  the total amount of fees and expenses payable to Class Counsel is $250,000.00, with County Defendants to pay $166,666.67 and State Defendants to pay $83,333.33. Pursuant to FED. R. CIV. P. 23(h), the Court approves this total fee and expense award and finds it to be fair and reasonable, pursuant to Fed. R. Civ. P. 23(h) and in accordance with the terms of the Class Settlement Agreement. Thereby, Rutherford County is hereby directed to pay its share of the fee/expense award, $166,666.67, to Class Counsel within sixty (60) days of the entry of this order.  Further, State Defendants are hereby directed to pay its share of the fee/expense award, $83,333.33, to Class Counsel within sixty (60) days of the entry of this order.   Class Counsel shall allocate and distribute this award of fees among themselves.  In approving and making this award, the Court understand and orders that the award of $250,000,00 for fees and expenses fully compensates Class Counsel for all work performed to date and in the future relative to this Litigation, and that Class Counsel shall not be entitled to, and Plaintiffs waive any claim for, additional attorneys' fees or expenses for any additional work performed related to this litigation.  Nothing in this Order is intended

to or shall be construed to limit or preclude Class Counsel from seeking recovery of attorneys' fees in any new, subsequently filed action.

16.     In making the foregoing findings, the Court has exercised its discretion in certifying the Class.  The Court finds that the Settlement Agreement resulted from extensive, arm's length, good faith negotiations between Class Counsel and counsel for the defendants.  Moreover, the negotiations were overseen and supervised by Magistrate Judge Joe Brown and then a private, Rule 31 mediator, Mr. Earle Schwarz.

17.     Upon entry of this Final Order, this matter shall be dismissed with prejudice and Final Judgment shall be entered in this matter.

IT IS SO ORDERED, this _____ day of _____, 2019.


_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

# EXHIBIT C
## to the Class Settlement Agreement

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| JOHN DOE, a minor, by and through his Mother and next friend SHARIEKA FRAIZER, | ) ) ) ) | |
| Plaintiffs, | ) ) | Docket No. 3:16-CV-0799 JUDGE RICHARDSON/BROWN |
| v. | ) ) | |
| BONNIE HOMMRICH, et al | ) ) | |
| Defendants. | ) | |

## NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND FAIRNESS HEARING OF CLASS ACTION

**DEFINITION OF THE CERTIFIED CLASS/TO: All juveniles detained in the Rutherford County Juvenile Detention Center who are or were placed in solitary confinement or isolation for punitive reasons, from April 25, 2015 to the present.**"

**THE PURPOSE OF THIS NOTICE:** This notice has three purposes:

(1) to tell you about the proposed settlement and the fairness hearing;

(2) to tell you how to obtain more information, including a copy of the full proposed settlement agreement;

(3) to explain how you may object to the proposed settlement if you disagree with it.

**THE BASIS FOR THIS CASE:** A class action lawsuit alleged that the Rutherford County Juvenile Detention Center was improperly holding detainees in "solitary confinement" or isolation as a form of punishment or discipline, and that the practice amounted to cruel and unusual punishment that is unconstitutional. The lawsuit also alleged that the Tennessee Department of Children's Services (DCS) participated in decisions affecting detainees housed at the center and elsewhere and that DCS failed to take any action in order to prevent placement of detainees into "solitary confinement." The parties have reached a tentative settlement that the Court has preliminarily approved. The settlement is not an admission of wrongdoing or an indication that any law was violated.

1

**A DESCRIPTION OF THE PROPOSED SETTLEMENT:** The following description is only a summary of the key points in the proposed settlement agreement. Information on how to obtain a copy of the full, proposed agreement is provided after this summary.

This settlement provides injunctive relief to class members and does not provide financial damages to any person. In particular the settlement provides that "Rutherford County is permanently enjoined from using seclusion for punishment as provided in the Rules, as may be amended or revised by the State of Tennessee." As referenced in the injunction, the settlement agreement requires Rutherford County to comply with certain rules that the State of Tennessee ratified and implemented during the pendency of this case that apply to all juvenile detention centers. Further, the settlement agreement requires that the State provide reports of its 2018 and 2019 reviews of the Rutherford County Juvenile Detention Center, which are being conducted to ensure compliance with the State's new rules, to Class Counsel.

As part of the settlement, Plaintiff Doe and the plaintiff class are releasing Defendants from certain claims. In particular, Plaintiff Doe and the plaintiff Class are releasing Defendants from any causes of action, and resulting attorneys' fees, that could have been brought against them for declaratory relief and/or injunctive relief related to the conduct that is the subject matter of the litigation. For a complete description of the terms, releases and "settled claims," you should obtain a full copy of the proposed settlement agreement. Defendants do not admit any wrongdoing, fault, or liability. The settlement agreement cannot be used against defendants as evidence of any presumption, concession, or admission of any liability, negligence, fault, or wrongdoing in future actions, and may not be used against defendants to establish a presumption in any other litigation.

The agreement also resolves all claims by the Class and Class Counsel for an award of attorneys' fees and costs. Under the terms of the Settlement Agreement, Plaintiffs' counsel is being paid fees and expenses by Defendants in the total sum of $250,000.00, which will be divided among Mark J. Downton and Wesley B. Clark, and Thomas H. Castelli on behalf of the ACLU Foundation of Tennessee, Inc.

**FOR FURTHER INFORMATION: THIS IS A SUMMARY OF THE PROPOSED AGREEMENT. TO UNDERSTAND IT FULLY, YOU SHOULD READ THE ENTIRE AGREEMENT.** Copies of the proposed settlement may be obtained at no cost to you from the attorneys for the plaintiffs/Class Counsel listed at the end of this Notice. In addition, a copy of the proposed Agreement is also available for viewing on the websites listed below, in the section entitled Websites on which the Settlement Agreement is available for review,

**PROCEDURES FOR AGREEMENT OR OBJECTION:**

IF YOU AGREE with the proposed settlement, you do not need to do anything at this time. If you wish to attend, you may attend the Fairness Hearing, on the date set forth below.

IF YOU DISAGREE with the proposed settlement, you have a right to object to it and to the dismissal of the remaining claims in the lawsuit. Your objections will be considered by the Court as it reviews the settlement **ONLY IF** you follow these procedures:

1.      Objections must be filed in writing by mail with the Clerk of the United States District Court for the Middle District of Tennessee, United States Courthouse, 801 Broadway #800, Nashville, TN 37203.

**ALL      OBJECTIONS      MUST      CONTAIN      THE      FOLLOWING INFORMATION:**

a. Name, address, and telephone number of the person filing the objection.

b. A statement of the reasons for the objection.

c. A statement that copies of the objections have also been sent to the attorneys listed at the end of this notice.

2. You must send copies of your objections to all attorneys listed at the end of this notice.

3. The deadline for receipt of written objections by the Court and the attorneys listed below is **May 20, 2019**. Objections filed by mail must be postmarked on or before **May 16, 2019,** to be considered timely. Objections filed or mailed after the above dates will not be considered. Class members who fail to lodge objections on or before **May 20, 2019**, will not be permitted to testify at the settlement hearing.

4. No later than **May 31, 2019**, the attorneys for plaintiffs and defendants shall file and serve responses, if any, to objections they timely receive from persons opposed to the proposed settlement.

**THE FAIRNESS HEARING IN THIS CASE IS SET FOR JUNE 10, 2019. CONTACT CLASS COUNSEL, NOT THE COURT, REGARDING THE FAIRNESS HEARING.**

3

**WEBSITES ON WHICH THE SETTLEMENT AGREEMENT IS AVAILABLE FOR REVIEW:**

<u>Plaintiffs' Website</u>

www.aclu-tn.org

Or

https://www.brazilclark.com/notice-of-hearing/

<u>Department of Children's Services' Website</u>

www.tn.gov/dcs.html

<u>Rutherford County's Website</u>

http://rutherfordcountytn.gov/jdc/notice-of-settlement.html

**ATTORNEYS' NAMES AND ADDRESSES FOR PLAINTIFFS AND DEFENDANTS:**

<u>Plaintiffs' Attorneys/Class Counsel:</u>

Thomas H. Castelli
Legal Director, ACLU Foundation of Tennessee
615-320-7142 (phone)
615-691-7219 (fax)
tcastelli@aclu-tn.org

Mark J. Downton
Wesley B. Clark
615-984-4681 (phone)
615-514-6974 (fax)
mark@downtonclark.com
wesley@downtonclark.com

4

Defendants' Attorneys:

    *For State Defendants:*

Alexander S. Rieger
        615-741-2408 (phone)
        615-532-5683 (fax)
        alex.rieger@ag.tn.gov

Jon P. Lakey
        901-685-2575 (phone)
        901-339-2588 (fax)
        jlakey@walkcook.com

    *For County Defendants:*

Josh A. McCreary
Nicholas C. Christiansen
        (615) 893-5522 (phone)
        (615) 849-2135 (fax)
        jmccreary@mborolaw.com
        nchristiansen@mborolaw.com