# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE, a minor, by and through his Mother and next friend SHARIEKA FRAIZER, ) ) ) ) | |
| Plaintiffs, ) ) | Docket No. 3:16-CV-0799 JUDGE RICHARDSON |
| v. ) ) | |
| BONNIE HOMMRICH, et al ) ) | |
| Defendants. ) | |

## FINAL ORDER APPROVING CLASS SETTLEMENT, ORDERING PERMANENT INJUNCTIVE RELIEF, AND DISMISSING CASE WITH PREJUDICE

This matter came to be heard in open Court upon a Fairness Hearing, conducted on July 19, 2019, for final consideration of the proposed Class Settlement Agreement. The parties provided Notice to the Class of the proposed settlement agreement and the Fairness Hearing consistent with the approved Fairness Hearing Notice approved by this Court.

For the reasons stated herein, the proposed Class Settlement Agreement is approved, and the Court makes the following **FINDINGS** and **IT IS HEREBY ORDERED AS FOLLOWS:**

1. On March 27, 2019, the plaintiffs John Doe, individually and on behalf of the class as Class Representative ("Mr. Doe") and counsel for Mr. Doe and the class certified by this Court, Thomas H. Castelli, Mark J. Downton and Wesley B. Clark (collectively "Class Counsel"), and the defendants Bonnie Hommrich, in her official capacity as the Commissioner of the Tennessee Department of the Children's Services ("Commissioner Hommrich"), the Tennessee Department

of the Children's Services (the "Department"), and, Rutherford County, Tennessee (the "County") filed a Corrected Second Agreed Motion to Approve Class Settlement (Docket No. __ ("Motion to Approve".)  Attached to the Motion to Approve is the executed Class Action Settlement Agreement (the "Class Settlement Agreement"), which all parties request this Court to approve and based on which the parties seek this final order.  A copy of the Class Settlement Agreement is attached to this Order as <u>Exhibit A</u>.

2. On March 28, 2019, this Court entered an Order Granting Preliminary Approval of the Class Settlement, Directing Notice to the Class, and Scheduling Fairness Hearing (Docket No. 144 (the "Preliminary Approval Order").)  Pursuant to the Preliminary Approval Order, a Fairness Hearing was conducted on July 19, 2019.

3. This Final Order Approving Class Settlement, Ordering Permanent Injunctive Relief, and Dismissing Case with Prejudice (the "Final Order") incorporates the Class Settlement Agreement and its exhibits, and the Preliminary Approval Order.

4. Based on the entire record before this Court, including the Memorandum and Order entered on February 17, 2017 (Docket No. 100), the Class Settlement Agreement (attached as <u>Exhibit A</u>), the Motion to Approve (Docket No. 143), the Preliminary Approval Order (Docket No. 144), the Fairness Hearing, and all other prior submissions and filings in this proceeding, the Court hereby confirms that the certified and final class in this matter is as follows (hereinafter referred to as the "Class" and/or the "Class Members"):

> **All juveniles detained in the Rutherford County Juvenile Detention Center who are or were placed in solitary confinement or isolation for punitive reasons, from April 25, 2015 to the present.**

(Docket No. 100, p. 9; and, Class Settlement Agreement, Section I.)

5. The Court confirms that the Class meets all the applicable requirements of FED. R. CIV. P. 23(a) and (b)(2).

6. The Court has personal jurisdiction over all parties in the Litigation, including all Class Members, and has subject matter jurisdiction over this class litigation, including jurisdiction to approve the Settlement Agreement, grant final certification of the Class, to settle and release all claims released in the Settlement Agreement, to enter the permanent injunction, and to dismiss this matter with prejudice. Further, venue is proper in this Court.

7. In accordance with the Preliminary Approval Order, the Class Members were given notice of the terms of the Settlement (the "Notice"), as well as the date, time and location of the Fairness Hearing and the deadline for presenting objections to the Class Settlement Agreement. In particular and in conformity with the Preliminary Approval Order, the Notice was provided to Class Members by the following means: a mailing by Rutherford County to the last known address of the one-hundred and twenty-eight (128) potential class members identified by Rutherford County in the course of discovery and referenced by the Court in its Order certifying the class (Docket No. 100 at 4), unless excluded from potential class membership by agreement of counsel for Rutherford County and Plaintiffs; publication on the websites of the County and the Department; posting in the entrance lobby and visitor areas of the Rutherford County Juvenile Detention Center; and, mailing to Juvenile Court Judge and Magistrates for the Juvenile Court of Rutherford County, the Rutherford County Public Defender's Office, and the Rutherford County District Attorney's Office. The Notice informed the Class Members of who was in the class, a summary of basis for the litigation, a description of the proposed settlement, that they could object to the proposed settlement, a description of the proposed release, and the procedure and deadline for submitting any such objections. The Notice provided Class Members with adequate time to

submit any objections to the Class Settlement Agreement. This Court finds that the Notice, both its content and the method by which it was published to potential Class Members, afforded Class Members appropriate and adequate protections to make informed decisions regarding the Class Settlement Agreement, and satisfied the requirement of law and due process.

8. The designated class representative is John Doe, and the Court finds that he adequately represents the Class for purposes of entering into and implementing the Settlement Agreement. Moreover, the Court finds that Thomas H. Castelli, Mark J. Downton and Wesley B. Clark are appropriate class counsel.

9. At the July 19, 2019, Fairness Hearing, the Parties presented support for why the Class Settlement Agreement is fair, reasonable and adequate to all concerned. Moreover, no Class Member has lodged an objection to the Class Settlement Agreement, either in writing in advance of, or by way of testimony at, the Fairness Hearing.

10. Pursuant to FED. R. CIV. P. 23(e), the Court hereby approves in all respects the parties settlement as set forth in the Settlement Agreement and finds that the Settlement Agreement is in all respects fair, reasonable, adequate, and in the best interest of the Class, and fully complies with the applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Class Action Fairness Act, and any other applicable law. The Court hereby declares the Settlement Agreement is binding on all Class Members and is to be preclusive in that regard.

11. The Court finds that the Settlement Agreement is fair, reasonable and adequate based on the following factors and findings, among other things: (a) there is no fraud or collusion underlying the Settlement Agreement; (b) the complexity, expense, and uncertainty in this matter favors settlement of behalf of the Class; (c) the Settlement Agreement provides meaningful

injunctive relief on behalf of the Class Members and other juveniles who may come into the custody of the Rutherford JDC; and (d) any and all other applicable factors that favor final approval.

12. Consistent with the terms of the Class Action Settlement, the following permanent injunction, entered with regard to only the defendant Rutherford County, is hereby ordered: "Rutherford County is permanently enjoined from using seclusion for punishment as provided in the Rules of the Department of Children's Services, Chapter 0250-04-08, Minimum Standards for Juvenile Detention Centers and Temporary Holding Services (the "Rules"), as may be amended or revised by the State of Tennessee."

13. Consistent with the terms of the Class Action Settlement, the Department provided to Plaintiffs' counsel a draft of their standard operating procedure ("SOP") for conducting the Reviews, as that term is defined in the Settlement Agreement, and Plaintiffs' counsel provided to State Defendants any and all comments they had regarding the SOP, in writing, within fourteen (14) days of receipt of the SOP. State Defendants considered in good faith Plaintiffs' counsel's comments, if any, before finalizing the SOP. State Defendants had and have the sole discretion to establish the final SOP contents and modify them as necessary moving forward. Moreover, State Defendants have provided to Plaintiffs' counsel a copy of the Rutherford JDC Preliminary Report, and the Rutherford JDC Report, with the names of juveniles redacted, for the calendar year 2018 and part of 2019, and Defendants shall continue to provide to Plaintiffs' counsel a copy of the Rutherford JDC Report, as those terms are defined in the Settlement Agreement, with the names of juveniles redacted, within fifteen (15) days of the conclusion of each review conducted by the Department of Rutherford JDC in the remaining part of calendar year 2019.

14. Plaintiffs Mr. Doe and the Class Members provide the defendants a release of claims as part of the Settlement Agreement (the "Release"). (Settlement Agreement, Section V). Based upon the entire record in this cause, including the statements of Class Counsel, this Court finds that Release is appropriate and adopts the Release as binding on the parties.

15. The parties agree, and this Court finds, that Mr. Doe and the Class qualify as prevailing parties as defined in 42 U.S.C. §1988, and that they are entitled to an award of attorneys' fee and reimbursement. Based on the Class Settlement Agreement and the statements of counsel at the Fairness Hearing, a mediated resolution among the parties has been reached with regard to the appropriate amount of attorneys' fees and expenses to be awarded: the total amount of fees and expenses payable to Class Counsel is $250,000.00, with County Defendants to pay $166,666.67 and State Defendants to pay $83,333.33. Pursuant to FED. R. CIV. P. 23(h), the Court approves this total fee and expense award and finds it to be fair and reasonable, pursuant to Fed. R. Civ. P. 23(h) and in accordance with the terms of the Class Settlement Agreement. Thereby, Rutherford County is hereby directed to pay its share of the fee/expense award, $166,666.67, to Class Counsel within sixty (60) days of the entry of this order. Further, State Defendants are hereby directed to pay its share of the fee/expense award, $83,333.33, to Class Counsel within sixty (60) days of the entry of this order. Class Counsel shall allocate and distribute this award of fees among themselves. In approving and making this award, the Court understand and orders that the award of $250,000,00 for fees and expenses fully compensates Class Counsel for all work performed to date and in the future relative to this Litigation, and that Class Counsel shall not be entitled to, and Plaintiffs waive any claim for, additional attorneys' fees or expenses for any additional work performed related to this litigation. Nothing in this Order is intended

to or shall be construed to limit or preclude Class Counsel from seeking recovery of attorneys' fees in any new, subsequently filed action.

16. In making the foregoing findings, the Court has exercised its discretion in certifying the Class. The Court finds that the Settlement Agreement resulted from extensive, arm's length, good faith negotiations between Class Counsel and counsel for the defendants. Moreover, the negotiations were overseen and supervised by Magistrate Judge Joe Brown and then a private, Rule 31 mediator, Mr. Earle Schwarz.

17. Upon entry of this Final Order, this matter shall be dismissed with prejudice and Final Judgment shall be entered in this matter.

IT IS SO ORDERED, this 19th day of July, 2019.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE